IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TERRENCE M. BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-640 |
| KATHLEEN HAWK-SAWYER, *et al.*, | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Terrence M. Brown, an inmate confined at FCC Beaumont Low, proceeding *pro se*, filed this *Bivens*-type[1] action against several defendants.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed pursuant to 28 U.S.C. § 1915(g).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff objects to the dismissal of his case pursuant to 28 U.S.C. § 1915(g). A careful review of each case cited by the Magistrate Judge reveals that they were dismissed as represented and were properly counted as strikes. *See, e.g., Brown v. Wilson, et al.*, 4:18cv111 (N.D. Tex. 2018) (frivolous/failure to state a claim); *Brown v. Wilson, et al.*, 4:18cv182 (N.D. Tex. 2018) (failure to exhaust administrative remedies); *Brown v. United States*, 1:18cv857 (W.D. Tex. 2019) (statute of limitations). Contrary to plaintiff's assertion, Civil Action No. 4:18cv111 was dismissed as frivolous and for failure to state a claim at the district level pursuant to 28 U.S.C. § 1915A(b). Plaintiff's appeal in that case was dismissed for want of prosecution. Furthermore, the strikes counted for

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 423 U.S. 388 (1971).

4:18cv182 and 1:18cv857 were also proper. *See, e.g., Cooper v. Quarterman*, 342 F. App'x 12 (2009) (dismissal of § 1983 suit for failure to exhaust administrative remedies for failure to state a claim and as frivolous counts as a strike); *Edison v. Houston Police Dept.*, 32 F. App'x 127 (5th Cir. 2002) (dismissal of § 1983 suit for statute of limitations bar counts as a strike).

Plaintiff has also not sufficiently pleaded that he was under a real, proximate threat of imminent danger at the time his complaint in this lawsuit was filed. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Banos*, 144 F.3d at 885; *see Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (en banc). Plaintiff's complaint surrounds a policy enacted by BOP official at FCC Beaumont Low that somehow directly or indirectly require prison inmates to hold each other accountable and has allegedly led to inmate-on-inmate assaults. Plaintiff alleges he has been assaulted by inmates at least two to three times prior to filing suit. Plaintiff's complaint provides no detail about any of the alleged assaults and/or injuries. More importantly, plaintiff provides no detail about any current threats against him. Because plaintiff is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by § 1915(g).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED this 12th day of May, 2020.**

_____
Michael J. Truncale
United States District Judge